**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JERMAINE ROBINSON, | ) | 3:08-CV-0389-HDM (VPC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | June 10, 2010 |
| | ) | |
| JAMES BACA, et al., | ) | |
| | ) | |
| Defendant. | ) | |

PRESENT:  THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  LISA MANN          REPORTER: NONE APPEARING

COUNSEL FOR PETITIONER(S): NONE APPEARING

COUNSEL FOR RESPONDENT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

This is a civil rights action brought by *pro se* prisoner plaintiff Jermaine Robinson. Plaintiff has moved for appointment of counsel (#40) and defendants moved to strike plaintiff's motion (#42).

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. The court exercises discretion in making this finding.

The court will not enter an order directing the appointment of counsel in this case. The plaintiff has demonstrated that he is able to litigate this case on his own. He has filed a complaint and motions with the court. The plaintiff may have the assistance of law clerks at the prison. Moreover, none of the issues in this case appears to be particularly complex.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel (#40) is **DENIED**.

Defendants' motion for reconsideration and motion to strike plaintiff's motions for enlargement of time and for counsel (#42) are **DENIED**.  Plaintiff is cautioned that he **must** personally sign each and every document that he files with the court.  Defendants shall have leave to move to strike any opposition to motion for summary judgment that is filed without plaintiff's original signature.

**IT IS SO ORDERED.**

                                    LANCE S. WILSON, CLERK

By:_____/s/_____
                Deputy Clerk