UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JERMAINE ROBINSON, )
         Plaintiff, ) 3:08-cv-00389-HDM-VPC
          )
     v. ) **REPORT AND RECOMMENDATION**
          ) **OF U.S. MAGISTRATE JUDGE**
JAMES BACA, *et al.*, )
         Defendants. ) August 25, 2010
_____ )

This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion for summary judgment (#36).[1] Plaintiff opposed (#45), and defendants replied (#53).[2] The court has thoroughly reviewed the record and recommends that defendants' motion for summary judgment (#36) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Jermaine Robinson ("plaintiff") is currently incarcerated at Humboldt Conservation Camp in the custody of the Nevada Department of Corrections ("NDOC") (#33). However, plaintiff was incarcerated in Nevada State Prison ("NSP") at the time of the alleged constitutional violations. (#10). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment right against cruel and unusual punishment, his Fourteenth Amendment right to equal protection, and various Nevada criminal statutes. *Id.* Plaintiff names as defendants, James Baca, NSP Associate Warden; Robert Crumb, NSP Correctional Nurse; William Donat, NSP Warden;

---

[1] Refers to the court's docket number.

[2] Plaintiff urges that defendants' motion for summary judgment be denied because it is untimely (#45, p. 6). The court disagrees. On April 12, 2010, the court granted defendants motion to extend time (#32). Pursuant to that order, the deadline for dispositive motions was April 22, 2010. *Id.* Defendants filed their motion for summary judgment on April 22, 2010; therefore, the motion is timely.

Karen Gedney, NSP Physician; Kathy King, NSP Correctional Nurse; Delmar Snider, NSP Physician; and Robert Bannister, NSP Medical Director. *Id*. pp. 2-3. Plaintiff claims that defendants' delays in obtaining an MRI scan and surgical treatment for plaintiff's back injuries constituted deliberate indifference to his serious medical needs. *Id.* p. 8.

On April 9, 2007, plaintiff fell while working in the prison kitchen and struck his spine. *Id.* p. 4. Defendant King examined plaintiff the same day, provided plaintiff with pain medication, and scheduled an appointment with defendant Snider. *Id*. On April 17, 2007, plaintiff visited prison medical staff, but he refused examination when informed that he would have to pay for the services (#35, p. 71).[3] On April 30, 2007, defendant Snider examined plaintiff, prescribed medicine, and ordered a "lay in," which meant he could receive his meals and medication in his cell. *Id.* pp. 56, 98. On May 7, 2007, plaintiff requested permission from prison medical staff to return to work. *Id.* p. 67. Plaintiff complained of shooting pain in his left leg, but indicated that his back felt "a little better." *Id.* Over the following months, prison medical staff met with plaintiff and treated him on no fewer than ten occasions. *Id.* pp. 96, 98.

On June 21, 2007, plaintiff fell in the shower and defendant Crumb examined plaintiff who gave plaintiff an injection, ordered a "lay in," and scheduled plaintiff for reevaluation the next day. *Id.* pp. 54, 72. On June 27, 2007, defendant Snider reclassified plaintiff and transferred him to a flat yard, presumably to prevent plaintiff from difficult physical exertion. *Id.* p. 94. On July 7, 2007, plaintiff reported he was in severe pain and the prison nurse scheduled plaintiff to see defendant Snider. *Id.* p. 93. On July 9, 2007, defendant Snider examined plaintiff and ordered him to be transferred to the Regional Medical Facility ("RMF") at Northern Nevada Correctional Center ("NNCC"). *Id*. That same day, plaintiff formally grieved the adequacy of his medical care (#36, pp. 12-13). Prison officials upheld the grievance and noted that the transfer to the RMF addressed his medical concerns. *Id.*

On July 11, 2007, defendant Gedney ordered an MRI, which was performed approximately

---

[3] All medical files accompanying defendants' motion for summary judgment have been sealed by court order. Page numbers refer to the bates-stamped page number in the lower right corner of defendants' exhibits.

two weeks later (#35, p. 50). Awaiting the results of the MRI, plaintiff received treatment for pain and constipation. *Id.* pp. 58, 88-90. Based on the results of the MRI, prison medical staff referred plaintiff to a neurosurgeon, who scheduled surgery for October 31, 2007. *Id.* pp. 59-61. Awaiting surgery, plaintiff once again received medications for pain. *Id.* pp. 80-85. One day after his surgery, plaintiff walked without the need for assistance and reported that his only pain was related to the surgical incision. *Id.* p. 78. On June 25, 2008, defendants removed plaintiff's work restriction and transferred him to a minimum security camp. *Id.* p. 74.

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A.    Discussion**

**1.    Summary Judgment Standard**

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the Supreme Court has noted:

> [W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*,

1   477 U.S. 242, 251 (1986).

2   The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**B.  Analysis**

Plaintiff alleges that defendants violated his Eighth Amendment rights in treating his back injury (#10). Specifically, plaintiff claims that delays in obtaining an MRI and surgery in the midst of his pain constituted deliberate indifference to his serious medical needs. *Id.* Defendants argue that plaintiff's allegations amount to nothing more than a difference in opinion and that plaintiff's medical records reveal a conservative regimen of care culminating in plaintiff's successful neurosurgery (#35).

**1.  Eight Amendment: Deliberate Indifference to Serious Medical Needs**

A prisoner's claim of inadequate medical care arises under the Eighth Amendment. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To prevail on an action alleging cruel and unusual punishment, a plaintiff's case must satisfy an objective standard - that the deprivation was serious enough to amount to cruel and unusual punishment, and a subjective standard - deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Wilson v. Seiter*, 501 U.S. 294, 297-304 (1991). A prison official violates the Eighth Amendment when he responds with deliberate indifference to an inmate's serious medical need. *Farmer*, 511 U.S. at 834.

**a.  Objective Standard**

The objective requirement of a "serious medical need" is met if the failure to treat a

4

1  prisoner's condition could result in further significant injury or the "unnecessary and wanton
2  infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*,
3  429 U.S. 97, 104 (1976)). In this circuit, examples of serious medical needs include "the existence
4  of an injury that a reasonable doctor or patient would find important and worthy of comment or
5  treatment; the presence of a medical condition that significantly affects an individual's daily
6  activities; or the existence of chronic and substantial pain." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th
7  Cir. 2000) (citations omitted).

8  In this case, plaintiff's ruptured disk constitutes a serious medical need. Indeed, the
9  neurosurgeon's comments on plaintiff's condition and recommendation of surgery alone support that
10 finding. Furthermore, plaintiff noted to defendants on numerous occasions that he experienced
11 substantial difficulty and required assistance in daily activities (#10, p. 5).

12         **b.    Subjective Standard**

13 The subjective standard of deliberate indifference requires "'more than ordinary lack of due
14 care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835, (quoting *Whitley v. Albers*, 475
15 U.S. 312, 319 (1986)). The requisite state of mind lies "somewhere between the poles of negligence
16 at one end and purpose or knowledge at the other." *Id.* at 836. To prove deliberate indifference,
17 plaintiff must demonstrate that prison staff denied, delayed, or intentionally interfered with medical
18 treatment or that the way prison staff provided medical care indicates deliberate indifference, and
19 that plaintiff sustained damages as a result of such conduct. *Hutchinson v. United States*, 838 F.2d
20 390, 394 (9th Cir. 1988). Prison medical staff do not violate the Eighth Amendment simply because
21 their opinion concerning medical treatment conflicts with the opinion of the inmate-patient.
22 *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Moreover, "mere delay of surgery,
23 without more is insufficient to state a claim of deliberate medical indifference." *Shapely v. Nev. Bd.*
24 *of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam); *accord McGuckin v.*
25 *Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992).

26 In this case, plaintiff's claim centers on delays in ordering and performing the MRI and
27 surgery. However, the evidence demonstrates that defendants examined and treated plaintiff nearly
28 every week from the period of his injury until his surgery. Plaintiff obviously disagrees with

defendants' course of treatment, but such disagreement does not amount to a constitution violation. *Toguchi v. Chung*, 291 F.3d 1051, 1058 (9th Cir. 2004) (a mere difference of medical opinion is insufficient, as a matter of law, to establish deliberate indifference). Defendants provided continuous care for plaintiff until his condition was ultimately cured by surgery, and such a course of treatment did not result in further complications to the ruptured disk. In fact, plaintiff appears to be fully relieved of the condition, stating that "[u]pon completion of the surgery I began walking instantly and the numbness was gone – I had no more pain" (#36, pp. 25-26). Plaintiff does not present any evidence to demonstrate that defendants disregarded his care.

Because plaintiff has failed to establish any facts which would suggest that defendants exhibited deliberate indifference, summary judgment for all defendants is proper.

### 2. Fourteenth Amendment: Equal Protection

Plaintiff alleges in his complaint that he was "deprived equal protection to his serious medical needs" (#10, pp. 9-10). In his opposition, plaintiff argues that defendants did not seek summary judgment on his equal protection claim (#45, p. 10). Indeed, defendants did not address the claim likely because such a brief statement within the context of another claim arguably failed to put the defendants on notice of such a claim.

To the extent that plaintiff's mere invocation of the words "equal protection" raises a claim under the Fourteenth Amendment, the court dismisses the claim. Pursuant to 28 U.S.C. § 1915, the court shall dismiss a case at any time if the court determines that it fails to state a claim on which relief may be granted. 28 U.S.C.A. § 1915(e)(2)(B)(ii). To prove his equal protection rights were violated, plaintiff must show either (1) the defendants acted with an intent or purpose to discriminate against him based upon membership in a protected class, *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005), or (2) he was treated differently from similarly situated individuals, and there was no rational basis for the difference in treatment, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Here, plaintiff's statement that he was deprived of equal protection constitutes nothing more than a legal conclusion and falls short of the necessary factual content to state a claim. Plaintiff alleges no facts that suggest defendants intentionally discriminated against him, nor does plaintiff

1  assert that he is a member of a protected class. In addition, plaintiff fails to demonstrate by any
2  means how he was treated differently from other similarly situated inmates. For these reasons,
3  plaintiff's claim is dismissed.

4      **3.**    **Conspiracy**

5  Plaintiff also argues that defendants have failed to address his conspiracy claim. However,
6  plaintiff's complaint does not mention conspiracy nor does plaintiff suggest any facts giving rise to
7  a claim of conspiracy. In his opposition, plaintiff fails to address any factual issues with respect to
8  his claim. He appears to argue that since a conspiracy claim was not raised in defendants' motion,
9  it must proceed. To the extent that plaintiff alleges any claim for conspiracy, the court finds that
10 plaintiff wholly fails to state a claim for conspiracy. Pursuant to the same authorities explained
11 above, the court dismisses plaintiff's claim.

12     **4.**    **State Law Claims**

13 Plaintiff alleges that defendants are civilly liable under the following state criminal statutes:
14 NRS §§ 197.200 (oppression under color of office); 212.010 (unauthorized injury to prisoner), and
15 212.020 (inhumanity to prisoner) (#10, p. 9).

16 Federal district courts may exercise supplemental jurisdiction; however, a district court may
17 decline to exercise supplemental jurisdiction over state-law claims if it has dismissed all claims over
18 which it has original jurisdiction. 28 U.S.C. § 1967(c)(3). The Supreme Court has noted that "in
19 the usual case in which all federal-law claims are eliminated before trial, the balance of the factors
20 . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."
21 *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). In determining whether to exercise
22 supplemental jurisdiction, the court considers several factors, including judicial economy, comity,
23 convenience, and fairness. *See O'Connor v. State of Nevada*, 27 F.3d 357, 363 (9th Cir. 1994).

24 Here, the court finds that the factors weigh in favor of declining supplemental jurisdiction
25 over plaintiff's remaining state law claims. All federal law claims have been eliminated before trial.
26 In addition, the question of whether the cited criminal statutes convey a private right of action should
27 be determined by a state court. Comity favors deference to the state court with respect to such an
28 issue. For the foregoing reasons, the court should decline to exercise supplemental jurisdiction over

plaintiff's state law claims.

### 4. Eleventh Amendment Immunity

Defendants maintain that the Eleventh Amendment bars all claims against defendants in their official capacities. State officials sued in their official capacities are not "persons" within the meaning of § 1983. *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). However, under *Ex Parte Young*, state defendants may be sued in their official capacities for prospective relief. *Id*. In this case, plaintiff does not seek prospective relief. Although he labels the claim as one for "injunctive relief," his claim is essentially for damages in the form of future medical expenses. Because the claim is for damages against state officials in their official capacities, the Eleventh Amendment operates as a bar to plaintiff's claim.

## III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has not demonstrated that defendants were deliberately indifferent to plaintiff's serious medical needs. As such, the court recommends that defendants' motion for summary judgment (#36) be **GRANTED**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///
///
///
///
///
///

8

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment (#36) be **GRANTED**.

**DATED**: August 25, 2010

_____
**UNITED STATES MAGISTRATE JUDGE**